And, assuming that the Dock Company did not have *express* power to make the loan, we are of the opinion that as Conkling received the full benefits of the loan the defense of *ultra vires* cannot prevail under the facts disclosed. *Bradley v. Ballard,* 55 Ill. 413, 417; *Darst v. Gale,* 83 Ill. 136, 140; *Kadish v. Garden City E. L. & Bldg. Ass'n,* 151 Ill. 531, 537; *Rector v. Hartford Deposit Co.,* 190 Ill. 380, 389. The making of the loan was not an act which was prohibited by the Dock Company's charter, or one which it could not under any circumstances perform. Neither can we say that it was an act which was wholly outside of the general scope of the powers conferred upon it by the legislature. The present case is to be distinguished, we think, from the cases of *National Home Bldg. & L. Ass'n v. Home Sav. Bank,* 181 Ill. 35; *Fritze v. Equitable Bldg. & L. Society,* 186 Ill. 183; *Steele v. Fraternal Tribunes,* 215 Ill. 190; *Converse v. Emerson, Talcott & Co.,* 242 Ill. 619; and *Mercantile Trust Co. of Illinois v. Kastor,* 191 Ill. App. 219.

For the reasons indicated the decree of the Circuit Court is affirmed.

*Affirmed.*

---

**John F. Devine, Administrator, Defendant in Error, v. Anna B. Gilmore, Plaintiff in Error.**

**Gen. No. 20,774.    (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 25, 1915.

### Statement of the Case.

Action of replevin by John F. Devine, as administrator of the estate of Orrin F. Place, deceased, against Anna B. Gilmore to recover possession of six certificates of stock in the Saratoga Gold Mining Company alleged to be of the value of $11,000.

The writ was returned by the sheriff on August 21, 1911, showing that the defendant had been personally served on July 27, 1911, but that upon demand the defendant had refused to turn over said property. The cause was put at issue and came on for trial before a jury in June, 1912. During the trial said certificates of stock were produced by the defendant to be used as evidence, and the same were admitted in evidence, and the court verbally ordered that the same be impounded in the hands of the clerk of the court for safekeeping, and as evidence, and that they be retained by said clerk until further order of the court. On June 27, 1912, the jury returned their verdict in which they found the defendant guilty and that the right to the possession of the property was in plaintiff, and assessed plaintiff's damages at the sum of one cent. On July 13, 1912, which was the last day of the June term, 1912, of said court, the defendant's motion for a new trial was denied and the court entered judgment "that the plaintiff do have and retain the property replevined herein by virtue of the writ of replevin issued in said cause and do have and recover of and from the defendant his damages of one cent in form as aforesaid by the jury assessed together with his costs and charges in this behalf expended and have execution therefor."

An appeal from the judgment was at once prayed by said defendant to this court and allowed upon her filing her appeal bond in the sum of $5,000 within thirty days, but the appeal was not perfected.

On July 26, 1912, after the term at which said judg-

ment was entered had passed, the court caused the following order to be entered of record in said cause:

"It is hereby ordered that the certificates of stock in the Saratoga Gold Mining Company of Arizona issued to Orrin F. Place, as follows:" (here follows a description of said certificates) "introduced as evidence in the above cause be and they are hereby impounded in the hands of the clerk of this court for safe-keeping and as evidence and be retained by said clerk until further order of this court. It is further ordered that this order, the same having been verbally made in said cause on the 13th day of July, 1912, be now entered *nunc pro tunc* as of said 13th day of July, 1912."

Early in February, 1914, more than eighteen months after said judgment of July 13, 1912, was entered, plaintiff moved the court for an order of the court directing said clerk of the court to turn over said certificates to plaintiff's attorneys. The probable reason for plaintiff's seeming delay in attempting to get the actual possession of said certificates of stock, which had been impounded with said clerk as aforesaid, is explained by the facts contained in the record of the case of *Gilmore v. Bidwell*, 191 Ill. App. 152. It appears that on July 25, 1912, after the judgment in the present case had been entered in said Circuit Court, and one day before said *nunc pro tunc* order was entered, said Anna B. Gilmore commenced an action in replevin in the Superior Court of Cook county against said clerk of the Circuit Court to recover the possession of said certificates of stock, that said clerk refused to turn the same over to the sheriff under the writ, and that thereafter certain proceedings were had which resulted in said Superior Court entering a judgment in said replevin action, on January 29, 1914, in favor of said clerk of said Circuit Court. Anna B. Gilmore appealed to this court from said judgment of the Superior Court and on January 25, 1915, that judgment was affirmed.

JOHN T. Booz, for plaintiff in error.

BEACH & BEACH, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. REPLEVIN,—*when court may impound property.* Where, in replevin to recover certificates of stock, defendant on demand under the writ refused to deliver same to the sheriff, but on the trial they were introduced in evidence, the court had power to order them impounded with the clerk for safe-keeping until the further order of the court and pending verdict and judgment in the action.

2. MOTIONS, § 12*—*when order entered nunc pro tunc not disturbed.* Where on the trial of a replevin suit the court verbally ordered the impounding of the subject-matter of the action, its action at a subsequent term in entering a written order to the same effect *nunc pro tunc* will not be held erroneous in the absence of an affirmative showing to the contrary in the bill of exceptions.

3. REPLEVIN, § 162*—*when order affecting disposal of impounded property proper.* Where upon the trial of a replevin action to recover certificates of stock the court ordered the impounding of such certificates after their introduction in evidence, a subsequent order made eighteen months after judgment in the replevin action, directing that such certificates be turned over to the attorneys for the successful party, is proper.

4. JUDGMENT, § 600*—*when proceeding to enforce is collateral.* A proceeding to enforce a judgment is collateral to the judgment, and therefore no inquiry into its regularity or validity can be permitted in such a proceeding.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.